Miguel Morales, Plaintiff and Appellant, *v.* William A. Chabert et al., Defendants and Appellees.

No. 4989. Argued April 2, 1930.—Decided February 16, 1932.

*Feliú & La Costa* for appellant. *L. Llorens Torres* and *Samuel R. Quiñones* for appellees.

Mr. Justice Aldrey delivered the opinion of the Court.

William A. Chabert entered into a contract with the Municipality of Carolina for the construction of an aqueduct, and for the faithful performance of such contract, he executed with two sureties a bond in favor of the municipality where-

in it was stated that all persons furnishing materials and labor for the waterworks would be promptly paid.

After the expiration of the time within which the works should have been completed, Miguel Morales brought an action against the contractor and his sureties to recover the value of the materials which he alleged had been furnished by him to the contractor and were used in the said works without the price thereof having been paid. The two defendant sureties demurred to the complaint for want of facts sufficient to constitute a cause of action. The district court sustained the demurrer relying on our decision in *Municipality of Fajardo et al.* v. *Axtmayer et al.,* 31 P.R.R. 780, and on the decision in *Uy Tam and Uy Yet* v. *Leonard,* 30 Philippine Reports 471. Upon a dismissal of the action as to the two defendant sureties, the present appeal was taken.

In the *Axtmayer* case, *supra,* one furnishing materials to the contractor of a work for the Municipality of Fajardo brought an action jointly with that municipality, against the contractor and his sureties upon a bond similar to the one herein. This Supreme Court reversed the judgment against the defendants on the ground, among others, that there was no privity between the materialman and the sureties, regard having been had to section 1224 of our Civil Code, particularly the second paragraph thereof. This section sets forth the general rule that contracts shall be binding only upon the parties who execute them and their heirs, excepting, with respect to the latter, cases in which the rights and obligations arising from the contract are not transmissible, either in consequence of their nature, or by agreement, or by provision of law. The second paragraph of said section prescribes that should the contract contain any stipulation in favor of a third person, he may demand its fulfillment, provided he has given notice of his acceptance to the person bound before the stipulation has been revoked.

In the case from the Philippines, cited in the *Axtmayer* case, there was involved a bond similar to those executed in

the case at bar and in the *Axtmayer* case, and the material-men who had previously notified the contractor and his sure-ties to recover their value. After an exhaustive and careful study of the provisions of section 1257 of the Philippine Civil Code, identical to those contained in section 1224 of our own Civil Code, which, as in the case of the Philippine Code, originated in the Spanish Civil Code, and after considering the history of these provisions, the opinions of several com-mentators, including Manresa and Scaevola, as well as the jurisprudence of the various States of the Union, the Court reached the conclusion that a clause in a contractor's bond, executed solely in favor of a municipality and containing a recital as to the payment of all work and materials, can not be construed as a stipulation *pour autrui*, to be invoked by materialmen; that the absence of adequate words to the effect that the bond was likewise executed for the benefit of materialmen showed that there was no clear intention on the part of the contracting parties of stipulating for the benefit of the former; and that a contrary construction of the bond would be tantamount to a disregard of section 1827 of the Civil Code (equivalent to section 1728 of our Civil Code), which requires that suretyship must be express and forbids its extension beyond its specified limits.

The appellant says that by a judgment of June 30, 1920, (150 *Jurisprudencia Civil* 761), rendered subsequently to the decision in the Philippine case but before that in the *Axt-mayer* case, the Supreme Court of Spain has determined contractors' claims in a sense contrary to that of the above decisions. This is not so. Said judgment was not based on the second paragraph of section 1257 of the Spanish Civil Code (1224 of our Civil Code), as the action was not brought against the sureties but against the contractor and the owners of the works. Based on section 1597 of the said Spanish Code (similar to section 1500 of our Code), according to which those who furnish their labor and materials for a work under-taken by a contractor for a lump sum have no action against

the owner, except for the amount the latter may owe the former when the action is brought, the Court affirmed the decision which had adjudged the contractor to pay the sums claimed, and subsidiarily; the owners of the works for any amount owed by them to the contractor.

The action herein is governed by the Civil Code and not by the Political Code, as claimed by the appellant when citing section 426 of the latter code, since that section does not state that those who furnish materials or labor for any public works shall be entitled to recover from the sureties.

As a distinct and additional question, we will say that the only bond involved in the present case was executed a few days before the construction contract purporting to be secured thereby was signed, that is, while the principal obligation sought to be secured, was not yet in existence for which reason it is void.

Affirmed.

Mr. Justice Hutchison dissented.